◈ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
James Franklin Ingram
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case 05-92m-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence X a preponderance of the evidence: The court finds that defendant is a risk of flight and that no conditions would reasonably assure his appearance as required The court further finds that defendant is not compliant with conditions of release and with court orders.

1. The evidence shows that defendant admitted to possession of a 38 revolver, a similar weapon involved in his conviction in NC. Defendant admitted to his identity which was subsequently confirmed by a photo comparison to defendant in court and by the court. Defendant admitted to a recent conviction in NC for possession of a weapon by a felon, the same offense for which he is charged in this court.
2. Defendant apparently absconded from supervision in NC where he was on pre-sentence release. His sentencing was scheduled for June 17, the date on which he was arrested and charged for the present offense in this jurisdiction. A warrant was issued for his arrest and defendant underwent a Rule 40 initial appearance in this court as well as an initial appearance on the weapons charge.
3. There is no evidence to suggest that defendant was authorized to travel to DE. Further, the evidence shows that he has not reported to Pretrial service in NC as required since March (he was convicted – pled guilty in January 2005).
4. His prior conviction history is extensive: convicted of felony breaking and entering May 1998, with probation revoked May 1999. Convicted of no operator's license and mis. possession of mj April 2000, with probation revoked June 2001 and sentenced to 15 days. Convicted of felony possession of cocaine November 2000, probation revoked Dec. 2001 sentenced to 6-8 months; convicted of mis possession of drug paraphernali and MJ October 2001, probation revoked July 2002 and sentenced 45 days; convicted of mis. injury to personal property Nov. 2002, probation revoked April 2003, sentenced for 45 days. For all the approve convictions, defendant pled guilty. The aforementioned history reveals an individual either unable or refuses to comply with any form of supervision which is consist with his present conduct. Although

FILED
JUN 2 1 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

defendant denies any prior drug use, his criminal history belies that representation. Moreover, defendant per his presentence report, has an extensive substance abuse history.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 21, 2005 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).